(IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOHAMMED H.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 C 2764 |
| v. ) | |
| ) | Magistrate Judge |
| ANDREW SAUL, Commissioner of ) | Maria Valdez |
| Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Mohammed H.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 13] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Andrew Saul has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On July 15, 2015, Plaintiff filed a claim for DIB, alleging disability since March 20, 2013 due to back, shoulder, hip, and knee pain. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 4, 2017. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Vocational expert Lee Knutson also testified.

On September 6, 2017, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 20, 2013. At step two, the ALJ concluded that Plaintiff had the following severe impairments: spinal disorder, left shoulder disorder, bilateral hip degenerative changes, and left knee osteoarthritis. The ALJ concluded at step three that his impairments, alone or in

combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work with the following additional limitations: never climbing ladders, rope, or scaffolding; no more than occasional climbing of ramps/stairs, balancing, stooping, crouching, crawling, kneeling, bending, or twisting; no more than occasional overhead reaching and no more than frequent front/lateral reaching with the left arm; no more than frequent use of the left hand to handle, finger, and feel; allowed the use of a cane to get to and from the work station; and provided with a sit/stand option allowing him to stand for one to two minutes after sitting for thirty minutes. At step four, the ALJ concluded that Plaintiff would be capable of performing his past relevant work as a customer service clerk, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments

3

enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d

at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a Plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

**III. ANALYSIS**

Plaintiff argues that the ALJ's decision was in error for several reasons, including that in determining the RFC, she improperly rejected the opinion of the treating physician and part of the consulting physician's opinion.

The ALJ found that Plaintiff retained the RFC to frequently reach with his left arm to the front and laterally. In forming this opinion, she acknowledged that "the state medical consultant imposes greater limitations on claimant's use of upper extremities," but determined that "the claimant has no limitations reaching below the shoulder level as evidenced by him driving, using a cell phone, preparing food, feeding himself, washing himself, dressing himself, dusting, folding laundry, taking out light garbage, and rinsing dishes." (R. 23.) This finding with respect to Plaintiff's reaching ability was critical to the disability determination, as the vocational expert testified that if he were limited to only occasional front and lateral reaching, Plaintiff could not perform his past relevant work. (R. 58.)

The Court agrees with Plaintiff that the ALJ improperly substituted her own opinion in finding he was not as limited as the consultant suggested. Her decision was based solely on certain activities of daily living, such as driving, using a phone, eating, and doing some household chores, which showed that Plaintiff had "no limitations." Her conclusion, however, lacked any information about how Plaintiff generally performed those activities, how long they took, how much pain may have been involved, or how often he could perform them in an eight-hour time frame, and it is well settled that "[a]n ALJ may not equate activities of daily living with those

6

of a full-time job." *Jeske v. Saul*, -- F.3d --, 2020 WL 1608847, at *8 (7th Cir. Apr. 2, 2020); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) ("The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases."); *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011) ("[Plaintiff's] ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace."). Accordingly, the ALJ's conclusion that Plaintiff could frequently reach during a standard workday and workweek was not supported by substantial evidence. Because her ultimate disability finding rested on this functional ability, the error requires remand.

Based on its conclusion that remand is necessary for the above reason, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. In particular, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the treating physician rule is followed with respect to the opinions of Dr. Dabawala.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 13] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**          **ENTERED:**

**DATE:**    **June 23, 2020**         _____
                                                           **HON. MARIA VALDEZ**
                                                           **United States Magistrate Judge**